### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:12-CR-552 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| SVETISLAV VUJOVIC, ) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Defendant Svetislav (Steve) Vujovic's Motion to Compel the Production of Favorable *Brady* Materials and Request for Oral Argument, filed on September 26, 2014 . (ECF No. 62).  On October 6, 2014, the United States filed a Response opposing Vujovic's Motion.  (ECF No. 64).  For the following reasons, the Court DENIES Defendant's Motion.

### I.  BACKGROUND

On December 5, 2012, the United States filed its original Indictment in this case. (ECF No. 1).  The United States filed its Superceding Indictment on September 17, 2013, alleging: (1) Financial Institution Fraud, (2) Giving Commissions or Gifts for Procuring Loans, (3-12) Making False Statements to a Federal Credit Union, and (13-14) Money Laundering.  (ECF No. 15).  A jury trial commenced on May 7, 2014, and the Jury returned its verdict, finding Vujovic guilty on all counts, on May 14, 2014.  (ECF No. 37).  Following the jury's verdict, Vujovic filed a Motion for New Trial claiming: (1) *Brady* Violations, (2)

Verdict Against the Manifest Weight of Evidence, (3) Insufficiency of Evidence, (4) "Plain Error," and (5) Ineffective Assistance of Counsel. (ECF No. 41). On June 30, 2014, the Court denied Vujovic's Motion for New Trial and ruled that he had failed to show the United States committed any *Brady* violations. (ECF No. 48).

In this present Motion, Vujovic raises many of the same arguments to show his innocence. In addition to renewing his original requests for alleged *Brady* materials, Vujovic adds two additional requests: (1) "day calendars" of Anthony Raguz and Joe Gojevic, and (2) interviews of George and Joe Plavac and the escrow account used by Raguz to steal from St. Paul Croatian Federal Credit Union ("SPCFCU"). Although Vujovic has not raised any new arguments to the original list of requested *Brady* materials, he has added some argument for his new requests.

## II. LAW AND ANALYSIS

### A.) Standard for *Brady* violations

Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." The prosecution's duty to disclose such evidence applies even when there has been no request by the accused. *United States v. Agurs*, 427 U.S. 97, 107 (1976). This duty encompasses impeachment and exculpatory evidence, *United States v. Bagley*, 473 U.S. 667, 676 (1985), even if that evidence is "known only to police investigators and not to the prosecutor." *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (declining to establish a more lenient rule that prosecutors need only disclose favorable evidence known to them). This duty, however, does not require the Prosecution to create or

discover information which it does not possess or disclose evidence that is available to the defendant through any other source. *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007).

Under this standard, "[t]he Constitution is not violated every time the government fails . . . to disclose evidence that might be helpful to the defense," *Kyles*, 514 U.S. at 436-37, but requires the disclosure of such evidence only where its suppression is prejudicial. *See Strickler v. Greene*, 527 U.S. 263, 294 (1999) (finding no *Brady* violations because the accused could not show that the proven withholding of exculpatory evidence caused prejudice). Thus, the defendant must prove that " the evidence at issue [is] favorable to the accused either because it is exculpatory or because it is impeaching; that evidence [was] suppressed by the state, either willfully or inadvertently; and prejudice . . . ensued." *Strickler*, 527 U.S. at 281-82.

**1) Original request of *Brady* materials has already been denied**

On June 30, 2014, the Court issued an Order denying Vujovic's original request for a list of various alleged *Brady* materials.[1] (ECF No. 48). The Court described Vujovic's

---

[1] This list included the following items:

(1) Any and all applications from SPCFCU [that] contained 'blank' portions . . . in the amount of $50,000 or more
(2) Any and all reset loans in the amount of $50,000 or more from SPCFCU for Defendant (or other customers) which do not contain the handwriting or signatures of the loan applicant
(3) Security footage from SPCFCU
(4) Any and all SPCFCU interviews indicating Vujovic enjoyed no "special privileges"
(5) Any notes, memorand[a] of interviews or 302s of Katica Covic indicating that she: (a) did not receive $7,000-$8,000 from Vujovic, (b) did not give any money to Raguz on Vujovic's behalf, or (c) believed Vujovic was assisting her with the care of a sick child rather than 'gifting' a SPCFCU employee

request as what "appear[ed] be a post-trial discovery request coupled with a blanket statement that the information is 'exculpatory, impeaching, and mitigating . . . was withheld and prejudice has ensued' and followed by a list of the requested evidence." (*Id.* at 4).  As the United States noted in its Response, Vujovic has not supplemented his previous request with any new arguments, but rather has simply renewed his original request and repeated previous allegations.  While Vujovic is now requesting these items as mitigation evidence for sentencing, he has again failed to prove any of the requisite elements for a *Brady* violation. For these reasons, and those previously stated in the Court's Order denying Motion for New Trial, the Court denies Vujovic's Motion to Compel the listed materials.

### B.) The "Day Calendars," the Plavacs' interviews, and escrow account

In this new Motion, Vujovic adds two additional requests: (1) "day calendars" of Anthony Raguz and Joe Gojevic, and (2) interviews of George and Joe Plavac and the escrow account used by Raguz to steal from SPCFCU.  Vujovic suggests that the day calendars are relevant to mitigation since they prove he rarely met with Anthony Raguz and contradict Raguz's testimony about the Memorial Day bribe.  (ECF No. 62 at 5, 7).  Vujovic also argues that the interviews and escrow account show "that [he] had no prior personal relationship with Anthony Raguz, no continuing relationship with Anthony Raguz during the four (4) year period when business loans were granted by Anthony Raguz, and no post-2008 relationship

---

(6) Any notes, interviews or testimony from any Federal Agent indicating that Vujovic smelled of alcohol the morning of August 16, 2012, during the interview in his home, or explained to Federal Agents that Vujovic had less than three hours of sleep on the day he was interviewed

(7) Evidence suggesting Federal Agents used the strategy of falsely suggesting to Vujovic that they were in possession of checks issued by Vujovic for the intended personal use and benefit [of] Anthony Raguz

with Anthony Raguz during the time when 'reset loans' were created by Mr. Raguz." (*Id.* at 7).

In its Response, the United States indicated that despite its investigation efforts into the existence of the day calendars, the Government's attorneys "have never seen nor had possession of any such calendars, if they even exist." (ECF No. 64 at 6). The Government further stated that this information is not exculpatory since:

> (1) the testimony at trial was not that the defendant met frequently with Raguz, but that he met with him 2-3 times to provide bribes, or otherwise called in requests and directed Raguz to cut a bribe check from Defendant's newly approved loan, and (2) the so-called "Memorial Day bribe" was accomplished by check, and Defendant admitted that he was present to personally sign the paperwork that allowed the associated loan to occur. (Tr., Vol. 4, Raguz, pp. 380-85, 387-89, 396-414; Tr., Vol. 5, Vujovic, p. 773) (admitting that he signed all of the loan applications he submitted to SPCFCU between October 2003 and January 24, 2008, the last day on which he obtained fraudulent loan proceeds, which necessarily includes the May 26, 2004 loan application that accompanied the May 26, 2004 bribe check)

(*Id.*). As to the Plavacs' interviews and escrow account, the Government maintains that Vujovic's arguments once again raise issues pertaining to his guilt or innocence rather than mitigation. Moreover, the Government argues that Vujovic is not entitled to any of this evidence since: (1) Raguz explained that he used the account without George Plavac's knowledge, (2) they never interviewed George Plavac, (3) Joe Plavac's limited interview did not include any information requiring disclosure, and (4) the use of the escrow account was previously disclosed in discovery. (*Id.* at 7).

The Government's arguments are persuasive. As stated above, many of Vujovic's repeated attempts to obtain the alleged *Brady* materials are attempts to maintain his innocence. His two new requests for materials simply fall short of meeting the requisite

elements for a *Brady* violation. Specifically, he has not provided any proof that the materials are exculpatory, that they were actually suppressed by the government, or that prejudice has ensued. Merely stating that "this evidence has been withheld and prejudice continues to mount" is not enough. Even if the day calendars showed Vujovic rarely met with Raguz, this would not undermine the testimony at trial that Vujovic and Raguz met two to three times. Nor would the calendars assist in disproving Vujovic's own admission that he signed the Memorial Day 2004 documents relating to the bribe. Similarly, Vujovic's arguments regarding the Plavacs' interviews and escrow account fail to support a *Brady* violation.

### III. CONCLUSION

For the foregoing reasons, Defendant Svetislav Vujovic's Motion to Compel the Production of Favorable *Brady* Material and Request for Oral Argument are DENIED.

**IT IS SO ORDERED.**

              **s/ Christopher A. Boyko**
              **CHRISTOPHER A. BOYKO**
              **United States District Judge**

Dated: November 6, 2014